IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:18-CV-529-MHT |
| ) | |
| JEFFERSON S. DUNN, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Daniel Miller, an indigent inmate currently incarcerated at the Covington County Jail. In the instant complaint, Miller maintains that upon his release from the Alabama Department of Corrections in October of 2017 he did not receive his 30-day supply of anti-psychotic medication or an appointment with a specific free world mental health provider. Doc. 1-1 at 2. Miller alleges that these failures violated his constitutional rights during a period of time unrelated to his incarceration. Doc. 1 at 2–3.

The defendants filed special reports supported by relevant evidentiary materials, including affidavits and medical records, in which they address the claims for relief presented by Miller. The mental health defendant avers that she ordered Miller's end of sentence medications and that, on the day prior to his release, another member of the mental health staff provided Miller information regarding his appointment with a free world mental health provider. Doc. 34-1 at 4–5; Doc. 34-2 at 10, 13. The correctional and

medical defendants deny any personal involvement with the alleged constitutional violations. In addition, the correctional defendants maintain that the law does not require the defendants to provide mental health care to an inmate after his release from prison. Doc. 41 at 5–6. Finally, insofar as Miller seeks to hold the defendants responsible for his commission of a criminal offense almost two months after his release from prison, the court finds this argument untenable as a basis for relief in a § 1983 action.

In light of the foregoing, the court issued an order directing Miller to file a response to the defendants' written reports. Doc. 42. The order advised Miller that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 42 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 42 at 1 (emphasis in original). The time allotted Miller for filing a response in compliance with the directives of this order expired on January 11, 2019. Miller has failed to file the required response in opposition to the defendants' written reports. The court therefore finds that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, it is clear that dismissal of this case is the proper course of action at this time. Specifically, Miller is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would

be ineffectual. Next, the plaintiff's inaction in the face of the defendants' reports and evidence suggests a loss of interest in the continued prosecution of this case. Moreover, the evidentiary materials submitted by the defendants, which are at this point undisputed by Miller, demonstrate that no violation of the Constitution occurred. Finally, it appears that any additional effort by this court to secure Miller's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the court concludes that the abandonment of this case by Miller and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **April 16, 2019** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 2nd day of April, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge